IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:04CV63
(1:02CR19-4)

| | |
|---|---|
| TINA MARIE R. GARRETSON ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | **MEMORANDUM AND ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on the Petitioner's motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255. No response is necessary from the Government.

A prisoner in federal custody may attack her conviction and sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. 28 U.S.C. § 2255. However,

> [i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts. The Court, having reviewed the record of proceedings below, enters summary dismissal for the reasons stated herein.

## I. PROCEDURAL HISTORY

On August 13, 2002, Petitioner entered into a plea agreement with the Government in which she agreed to plead guilty to Count Two of the bill of indictment charging her with conspiracy to manufacture and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 851. **Plea Agreement, filed August 16, 2002; Bill of Indictment, filed February 5, 2002.** In the plea agreement, Petitioner was advised that she faced a maximum sentence of not less than 10 years or more than life imprisonment along with a $4 million fine and at least 5 years supervised release. **Plea Agreement,** *supra***, at 1.** The plea agreement also advised the Petitioner that if, by the date she entered her plea the Government had filed a notice of one or more felony drug convictions, she faced a maximum sentence of not less than 20 years or more than life imprisonment, an $8 million fine, and a 10-year term of supervised release. *Id.***, at 1-2.** Also contained in the plea agreement was Petitioner's waiver of her right to contest her conviction or sentence on direct appeal or pursuant to 28 U.S.C. § 2255 on any grounds other than ineffective assistance of counsel or prosecutorial misconduct. *Id.***, at 5.** She does not allege prosecutorial misconduct in her petition.

On August 21, 2002, Petitioner attended a Rule 11 hearing and was advised, among other things, of the maximum possible sentences and her waivers. **Rule 11 Inquiry and Acceptance of Plea, filed August 21, 2002.** As is the custom in this Court, not only did the Petitioner answer each question during the hearing, but she and her attorney signed the Rule 11 Inquiry which was then filed of record. *Id.* In that Inquiry, Petitioner acknowledged that her written plea agreement, which she also had signed, contained a provision waiving her right to appeal her conviction or sentence or to contest it in any collateral proceeding, including a § 2255 petition,

on any ground other than ineffective assistance of counsel or prosecutorial misconduct. *Id.* Petitioner also acknowledged that her guilty plea was knowing and voluntary, she was satisfied with the services of her attorney, she understood the sentencing guidelines and how they applied to her, she had been afforded sufficient time to discuss her case with her attorney, and she understood and agreed with the terms of her plea agreement. *Id.* The Petitioner further advised the Court that she was pleading guilty because she was in fact guilty of the crimes contained in the indictment; that her plea was voluntary "and not the result of coercion, threats or promises other than those contained in the written plea agreement;" she acknowledged that if the sentence imposed was harsher than expected, she was still bound by her guilty plea; that she knew and fully understood what she was doing and wanted the Court to accept her plea of guilty; and that she had no questions or comments to make about any matter discussed in the course of the proceeding. *Id*. The Magistrate Judge then found that the Petitioner's plea was knowingly and voluntarily entered, that she understood the charges, potential penalties, and consequences of her plea, and accepted same. *Id*.

The minimum sentence for the count to which the Petitioner pled guilty was a total of 10 years to life imprisonment. Due in part to her attorney's diligence and tireless efforts on her behalf, the undersigned sentenced the Petitioner on March 27, 2003, to a term of 70 months imprisonment. The Petitioner did not file a direct appeal, but now attacks her conviction and sentence on the grounds that she was a victim of ineffective assistance of counsel.

## II. DISCUSSION

Petitioner sets forth a familiar litany of complaints, most of which are contradicted by her own statements in her sworn plea agreement and Rule 11 inquiry as set forth above. For example, she contends the 852 grams of methamphetamine referenced in her presentence report was to be evenly divided among her five co-defendants thereby "reducing her culpability." However, the plea agreement that she and her attorney signed, specifically stated that "the defendant and the United States agree to recommend to the Court . . . [that] the amount of methamphetamine that was known to or reasonably foreseeable by the defendant was 852 grams." **Plea Agreement,** *supra*, **at 2.**

The Petitioner alleges she was a user, not a manufacturer or distributor of methamphetamine. The presentence report outlines her purchases of methamphetamine and the supplies for its manufacture, as well as her physical presence during the manufacturing processes. The report also notes her personal responsibility for the 852 grams. No objections were filed to the report which was adopted by the Court and found to provide a factual basis for the plea. ***See*, Presentence Investigation Report, dated January 13, 2003, at 5-7;** *see also*, **Plea Agreement, at 4 ("The defendant stipulates . . . [t]he United States may provide the factual basis for this case by . . . relying upon the Pre-Sentence Report, or by reciting for the Court a summary of the investigation.").** Further, during the sentencing hearing before the Court, the Petitioner and her attorney advised the Court that the presentence report had been received and reviewed by the Petitioner and she understood its contents.

Petitioner also contends she did not understand she had a right to appeal her sentence. At the sentencing hearing before the undersigned, the Petitioner was advised of her right to appeal

her sentence to the Fourth Circuit Court of Appeals on the grounds of ineffective assistance of counsel or prosecutorial misconduct, if either of those grounds existed, at Government expense, and was advised how to file the notice of appeal. She stated to the Court that she understood those rights.

Petitioner also asserts that counsel was ineffective for failing to seek a downward departure because of her bipolar disorder, diminished capacity, and drug addiction. *See* **Presentence Report,** *supra***, at 10-11.** Nothing in the presentence report indicates that the Petitioner suffered any mental illness or deficiency that would cause her to be unable to understand what she was doing at the time of her participation in the conspiracy charged herein, at the time she entered into the plea agreement with the Government, during the Rule 11 inquiry, or at the time of her sentencing hearing. There is nothing in Section 5K of the Guidelines to suggest her attorney could have reasonably expected such a motion to be other than futile or frivolous. However, he was able to convince the Court to afford the Petitioner the benefit of U.S.S.G. § 5C1.2 which resulted in a sentence of only 70 months' imprisonment.

Petitioner contends that she entered her plea of guilty out of fear, coercion, and threat by her attorney that if she did not do so, she would be sentenced to a term of imprisonment from 20 years to life. However, under oath during the Rule 11 inquiry, the Petitioner stated that her plea was "voluntary and not the result of coercion, threats or promises other than those contained in the written plea agreement[.]" **Plea Agreement, at 6.**

> [T]he record reflects that the [Magistrate Judge] conducted a thorough and comprehensive Rule 11 hearing prior to accepting [Petitioner's] guilty plea. In that proceeding, . . . [Petitioner] stated, among other things, that no one had coerced [her] into pleading guilty and [she] was in fact guilty of the [conspiracy] offense. [Petitioner] was advised of the essential terms of the plea agreement, and [she]

asserted under oath that [she] understood them. The court reviewed the maximum permissible sentence on the [felony] conviction[s], and [Petitioner] acknowledged that [she] understood. The court also advised [Petitioner] of the constitutional rights being waived by [her] guilty plea, and [she] again indicated [her] understanding. In these circumstances, [Petitioner's] conclusory post-[conviction] assertions that [her] plea was not knowing and voluntary . . . fail to overcome the barrier of the sworn statements made at [her] Rule 11 hearing.

**United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000).** A defendant's statements at a Rule 11 hearing are "strong evidence" of voluntariness and knowledge. **United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991).**

[R]epresentations of the defendant . . . at [a Rule 11 hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, *as are contentions that in the face of the record are wholly incredible.*

**Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) (emphasis added).**

Based on the Petitioner's plea agreement, her signature on the Rule 11 Inquiry, the advice she received from the Court during the Rule 11 hearing, and her representations during that hearing, the Court finds Petitioner knowingly and voluntarily entered into the plea agreement and plead guilty to Count Two of the indictment. **DeFusco, supra.** Thus, the Court also finds the Petitioner made a knowing and voluntary waiver of the right to attack her conviction or sentence by a collateral proceeding such as a § 2255 motion except as noted in her plea agreement. **See, United States v. Shea, 175 F.3d 1018 (table), 1999 WL 172810 (4th Cir. 1999); United States v. Pelzer, 166 F.3d 336 (table), 1998 WL 879019 (4th Cir. 1998) (citing United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991)); United States v. Hoyle, 33 F.3d 415, 418 (4th Cir. 1994).**

Finally, in considering Petitioner's claims that she has not received adequate assistance of counsel,

> [f]irst, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

***Strickland v. Washington*, 466 U.S. 668, 686 (1984).** Unless a defendant makes both showings, her claim of ineffective assistance of counsel must fail. ***Id.*** Thus, a defendant must show counsel's performance fell below objective standards of reasonableness, and, that but for his conduct, there was a reasonable probability the result would have been different. ***Id.*, at 688; *Hill v. Lockhart*, 474 U.S. 52 (1985); *Fields v. Attorney Gen. of Maryland*, 956 F.2d 1290 (4th Cir. 1992) (In order to obtain relief from a guilty plea on the basis of ineffective assistance of counsel, a defendant must show both that counsel was incompetent and but for that incompetence, he would not have pled guilty).** If the defendant fails to make the first showing, there is no need to consider the second. ***Strickland, supra.***

The language of the plea agreement; the record of the Rule 11 inquiry; the record of the sentencing hearing; the fact that prior to this motion the Petitioner has failed to file a single objection to counsel's performance, but to the contrary, she has previously expressed her full satisfaction with counsel; the fact that the Petitioner faced up to a statutory maximum of 10 to 20 years to life imprisonment, of which the final sentence of 70 months was a small part, disproves the Petitioner's accusations against her attorney. Instead, these factors indicate a job well done by a dedicated, experienced attorney who worked diligently and successfully on behalf of a now

ungrateful client. Thus, the Court concludes that counsel's performance was not deficient and the second prong of *Strickland* need not be reached. The remaining contentions contained in the Petitioner's motion are found by this Court to be void of merit and will be summarily dismissed.

### III.  ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion to vacate, set aside, or correction judgment is hereby **DENIED**.  A Judgment dismissing the action is filed herewith.

**Signed: August 19, 2005**

Lacy H. Thornburg
United States District Judge